**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES TAYLOR<br>RBI INSPECTIONS SERVICES, INC. | **PLAINTIFFS/<br>COUNTER-DEFENDANTS** |
| V. | **CASE NO. 1:09CV174** |
| EVANSTON INSURANCE COMPANY | **DEFENDANT/COUNTER<br>& THIRD-PARTY PLAINTIFF** |
| V. | |
| BRENDA MERRIFIELD | **THIRD-PARTY DEFENDANT/<br>COUNTER-PLAINTIFF** |

## MEMORANDUM OPINION

This cause comes before the court on the motions **[28, 31]** of Defendant, Evanston Insurance Company, seeking summary judgment and dismissal of Third-Party Defendant/Counter-Plaintiff, Brenda Merrifield's counter-claim for monetary damages. Plaintiffs also move **[64]** for summary judgment in their favor.

RBI Inspections Services purchased Service and Technical Liability Insurance written by Evanston to be in effect from February 28, 2006 through February 28, 2007. This declaratory judgment action arose from Brenda Merrifield's claims against RBI after it performed an inspection of her home. The Evanston policy was in effect at the time of the occurrences giving rise to Merrifield's claims. Notice of claims were required to be given within sixty days after the expiration of the policy period.

RBI, by and through its President, Plaintiff/Counter-Defendant James Taylor, contacted Alfa Insurance agent Ronnie Pennington, to obtain liability insurance for its inspection business

and used Pennington exclusively for these needs. Pennington is a licensed insurance agent who wrote policies for Alfa and other insurance companies that were associated with, and offered by Alfa, such as Evanston. Taylor believed Pennington to be the agent of Evanston for all purposes, including reporting claims.

Thus, on August 29, 2006 Taylor took Pennington an email received from Merrifield notifying RBI of a claim for damages. Pennington advised that he would turn the claim in. He is certain that he called Alfa and reported the claim and that one was filed on behalf of RBI. Pennington later confirmed this action with Taylor. In July 2007 RBI received a letter from an attorney notifying the company of representation and again presented the information to Pennington, who passed it along to Evanston. Evanston admits receiving this July notice of claim, but denies the earlier receipts and therefore, denies coverage to RBI due to untimely notification.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the

jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

Evanston claims it is entitled to summary judgment due to the undisputed fact that RBI failed to timely report Merrifield's claim against it within sixty days of the expiration of the policy period, and thus no coverage is afforded. Evanston concludes that it owes neither a duty to defend or indemnify RBI.

Plaintiffs Taylor and RBI argue that the so-called 'undisputed fact' is inaccurate and that notice to Evanston was given through its agent, Pennington. Whether Pennington was in fact acting as an agent of Evanston, and whether Pennington was an apparent agent as perceived by Taylor requires a factual analysis made under Mississippi agency law. A genuine issue of material fact exists as to if and when notice was given to Evanston of RBI's lawsuit with Merrifield. This type of determination is best left to the jury. Defendant's motion for summary judgment will be denied.

Evanston also seeks dismissal of Merrifield's claims for monetary damages. Merrifeld has responded that she withdraws her claim for monetary damages at this time. Thus, Defendant's motion to dismiss this claim will be granted.

Plaintiffs, RBI and Taylor, contend that summary judgment should be granted in their favor, making the same arguments set forth in opposing Defendant's motion. Defendant's response to Plaintiffs' motion was merely an incorporation of its own summary judgment motion. For the reasons discussed above, a genuine issue of material fact exists that should be resolved by the trier of fact. Plaintiffs' motion will be denied.

In light of the foregoing, Defendant's motion **[28]** for summary judgment is **DENIED.** Defendant's motion **[31]** to dismiss is **GRANTED.** Plaintiffs' motion **[64]** for summary

judgment is **DENIED.**

This the 30th day of September, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**